■ RAE G. WOLF, Appellant, v MARGRET WOLF, Respondent.—Order and judgment (one paper) of the Supreme Court, New York County, entered April 22, 1975, confirming the report of the special referee that the evidence is insufficient to support petitioner Rae G. Wolf's claim to property levied upon by the Sheriff of New York County, unanimously affirmed, with $60

costs and disbursements to respondent. Petitioner instituted this special proceeding pursuant to CPLR 5239 to determine her rights to certain property which had been levied upon by the Sheriff under a judgment for arrears in alimony and child support obtained by respondent in January, 1974 against respondent's former husband. Petitioner is the mother of respondent's former husband, Dr. Robert L. Wolf. In consequence of the Sheriff's levying upon the office equipment located in Dr. Wolf's medical office pursuant to execution issued at the behest of respondent as aforesaid, petitioner sought to stay the sale of the personalty, claiming that she purchased same from her son in 1970 for $1,000. Annexed to the petition was a bill of sale dated April 3, 1973 purportedly evidencing the transfer of the personalty from Dr. Wolf to his mother for $1,000. Respondent contended that this was not a bona fide sale and was in reality a mere subterfuge to enable the judgment debtor to avoid his just debts. Special Term referred this issue to a special referee who found that the sale of the equipment was without consideration, which finding was confirmed by the court. Petitioner was the only witness at the hearing before the referee. Study of the record mandates the conclusion that the referee's finding was not against the weight of the credible evidence. Petitioner produced a check for $1,000 paid to her son, dated July 10, 1970. She testified that she paid an additional $1,000 in cash. She admitted that she loaned substantial amounts of money to her son in 1970. There was a failure to establish that the check produced was in fact utilized to purchase the personalty as distinct from a loan. Further, petitioner did not explain her claim of a purchase price greater than that recited in the bill of sale which was written in 1973, three years after the alleged transfer. These and other circumstances delineated in the record herein patently proclaim the failure on petitioner's part to carry her burden of proof and the propriety of the determination that the evidence was insufficient to support her claim to the property levied upon by the Sheriff. Concur—Kupferman, J. P., Murphy, Lupiano, Capozzoli and Lane, JJ.